UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
**-----------------------------------------------------**x

MARJORIE MCFARLANE, VELMA
PALMER, and CLAIRE WILLIAMS,

                        Plaintiffs,           **MEMORANDUM & ORDER**
                                             17-CV-6350 (PKC) (PK)

        - against -

HARRY'S NURSES REGISTRY, HARRY'S
HOMECARE, INC., and HARRY
DORVILIER,

                        Defendants.

**-----------------------------------------------------**x

PAMELA K. CHEN, United States District Judge:

        Plaintiffs Marjorie McFarlane, Velma Palmer, and Claire Williams brought this action against Defendants Harry's Nurses Registry and Harry's HomeCare, Inc. (collectively, the "Corporate Defendants") and *pro se* Defendant Harry Dorvilier for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  On April 2, 2020, the Court granted judgment in favor of Plaintiffs as to Defendants' liability on some of Plaintiffs' claims— namely, their claims for unpaid wages, overtime pay, and liquidated damages under the FLSA and NYLL.  *McFarlane v. Harry's Nurses Registry*, 2020 WL 1643781, at \*18 (E.D.N.Y. Apr. 2, 2020) ("Liability Decision").  Plaintiffs now move for summary judgment as to damages with respect to those claims.  Defendants have not opposed the motion.[1]  As discussed below, Plaintiffs are entitled to summary judgment as to damages in a total amount of $59,587, representing $29,793.50 in unpaid wages and overtime pay and $29,793.50 in liquidated damages.

---

      [1]  As discussed below, the Corporate Defendants have defaulted in this action (*see* Dkts. 46, 47), leaving only Defendant Dorvilier to defend this action as of May 14, 2019.

## BACKGROUND

### I.     Factual Background

Harry's Nurses Registry ("Harry's Nurses"), which also does business as Harry's HomeCare, Inc. ("Harry's HomeCare"), is a corporation with its principal place of business in Jamaica, New York. *McFarlane*, 2020 WL 1643781, at \*1. Defendant Dorvilier is the sole owner of Harry's Nurses and has worked there since its incorporation in 1991. *Id.* Harry's Nurses refers temporary healthcare personnel, including Licensed Practical Nurses ("LPNs"), to work in patients' private homes in and around New York City. *Id.*

Plaintiffs are LPNs who were employed by Harry's Nurses during the period from February 2016 to mid-November 2017 (in addition to other times not at issue here). *Id.* at \*2. Between February 2016 and mid-November 2017, Plaintiffs were normally paid an hourly rate of $19.00 when they worked under 40 hours per week. (Plaintiffs' Rule 56.1 Statement of Undisputed Material Facts[2] ("Pls.' 56.1"), Dkt. 66-2, ¶¶ 1, 13, 63.) When they worked more than 40 hours in a week, however, Plaintiffs were paid at a rate lower than $19.00 for the first 40 hours, and then at a rate 1.5 times the lower rate for any hours thereafter, such that their overall wages generally equaled $19.00 per hour despite working overtime. (*See* McFarlane Paystubs, Dkt. 66-8; Palmer

---

[2] For present purposes, given that Plaintiffs' motion for summary judgment as to damages is unopposed, a standalone citation to Plaintiffs' Rule 56.1 statement, unless otherwise noted, indicates that the underlying factual allegation is supported by the record, and therefore is accepted as true. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (holding that, even where a motion for summary judgment is unopposed, "the district may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement," but rather "must be satisfied that the citation to evidence in the record supports the assertion"); *see also Lumbermens Mut. Cas. Co. v. Dinow*, No. 06-CV-3881 (TCP), 2012 WL 4498827, at \*2 n.2 (E.D.N.Y. Sept. 28, 2012) ("[T]o the extent any statements [in a party's Rule 56.1 statement] are supported by the record and not specifically controverted by admissible evidence, they are deemed admitted."). Any citation to Plaintiffs' Rule 56.1 statement incorporates by reference the documents cited therein.

Paystubs, Dkt. 66-9; Williams Paystubs, Dkt. 66-10.) *See generally McFarlane*, 2020 WL 1643781, at *2–3. For example, in weeks where Plaintiff McFarlane worked 48 hours, she was typically paid $17.54 per hour for the first 40 hours and $26.31 per hour (equal to $17.54 x 150%) for the next 8 hours, for a total of $912.08 in gross pay (or approximately $19.00 per hour). (*See, e.g.*, McFarlane Paystubs, Dkt. 66-8, at ECF[3] 22–23, 28, 42, 63–64, 73–74.) Similarly, in weeks where McFarlane worked 60 hours, she was typically paid $16.29 per hour for the first 40 hours and $24.44 per hour ($16.29 x 150%) for the next 20 hours, for a total of $1,140.20 in gross pay (or approximately $19.00 per hour). (*See, e.g.*, *id.* at ECF 60, 62, 71–72.) Plaintiffs Palmer's and Williams's wages exhibit the same pattern. (*See, e.g.*, Palmer Paystubs,[4] Dkt. 66-9, at ECF 30–31, 55–56, 67–68; Williams Paystubs, Dkt. 66-10, at ECF 10–11, 33–34, 47–48.)

## II.    Procedural History

Plaintiffs filed a complaint against Defendants on November 1, 2017. *McFarlane*, 2020 WL 1643781, at *4. Defendants were initially represented by counsel, but Defendants' counsel eventually was allowed to withdraw after "a breakdown in communication and understanding" between counsel and Defendant Dorvilier. *Id.* (quoting Affidavit of Michael K. Chong, Esq., Dkt. 16-1, ¶ 2). Thereafter, Dorvilier continued to proceed *pro se*, and the Corporate Defendants failed to appear, plead, or otherwise respond to the Complaint. *Id.* After the Clerk of Court entered a Certificate of Default as to the Corporate Defendants, Plaintiffs moved for default judgment, which the Corporate Defendants did not oppose. *Id.* Plaintiffs also moved for summary judgment as to Dorvilier. *Id.* Briefing on the summary judgment motion finished on September 25, 2019. *Id.*

---

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[4] Plaintiff Palmer is referred to as "Velma N. Gadsden" or "Velma Palmer-Gadsden" on her paystubs and timesheets.

On April 2, 2020, the Court partially granted Plaintiffs' motions for default judgment and for summary judgment. *See id.* at *18. In particular, the Court granted Plaintiffs' summary judgment motion as to Defendant Dorvilier's liability under the FLSA and NYLL for unpaid wages, overtime pay, and liquidated damages. *Id.* The Court also granted Plaintiffs' motion for default judgment against the Corporate Defendants with respect to liability for unpaid wages, overtime pay, and liquidated damages under the FLSA and NYLL. *Id.* at *18. The Court, however, denied summary judgment on the issue of damages as to Defendant Dorvilier, and deferred awarding damages as to the Corporate Defendants, because Plaintiffs had based their damages claim on a regular hourly pay rate of $25.00, and the Court found that there was a genuine factual dispute regarding whether Plaintiffs were entitled to be paid at such a rate. *Id.* at *12, *18. Nevertheless, finding "no dispute that [Plaintiffs] were, in fact, regularly paid at the hourly rate of $19.00 starting in February 2016," *id.* at *9, the Court "encourage[d] Plaintiffs to consider pursuing, via a supplemental summary judgment motion, damages using a regular rate of pay of $19.00/hour and overtime rate of $28.50/hour, rather than proceeding to trial on damages," *id.* at *19.

Plaintiffs have now filed a supplemental motion for summary judgment, requesting damages based on a regular pay rate of $19.00/hour and overtime rate of $28.50/hour. (Plaintiffs' Supplemental Motion for Summary Judgment ("Pls.' Damages Mot."), Dkt. 66; *see also* Plaintiffs' Memorandum of Law ("Pls.' Mem."), Dkt. 66-1, at ECF 4.) Accordingly, they request $29,983.42 in total unpaid wages and overtime pay; $29,983.42 in liquidated damages; and an unspecified amount in statutory interest, penalties, and attorney's fees and expenses. (Pls.' Damages Mot., Dkt. 66, at ECF 1.) Defendant Dorvilier has not responded to Plaintiffs' motion, despite a *sua sponte* extension of time in which to do so. (*See* 7/8/2020 Docket Order.)

4

## DISCUSSION

### I.      Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986) (noting that the summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party bears the initial burden of "establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Once this initial burden is met, the nonmoving party then must put forward some evidence showing there is a dispute of fact that requires a trial. *Spinelli v. City of New York*, 579 F.3d 160, 166–67 (2d Cir. 2009) (citations omitted); *see also Celotex*, 477 U.S. at 322–23. Even where a motion for summary judgment is unopposed, the court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial," and that it "is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citations and internal quotations omitted); *accord Amaker v. Foley*, 274 F.3d 677, 680–81 (2d Cir. 2001).

### II.     Analysis

#### A.      Unpaid Wages and Overtime

Under the FLSA, an employer must pay employees at least the statutory minimum wage and, for non-exempt employees, a premium of 150% of the regular rate of pay for hours worked above 40 hours per week. 29 U.S.C. §§ 206(a), 207(a)(1); *accord McFarlane*, 2020 WL 1643781,

at *5.  For all intents and purposes in this case, the provisions of the NYLL mirror the FLSA's.  *See McFarlane*, 2020 WL 1643781, at *8.  The Court has already determined that Defendants are liable to Plaintiffs under the FLSA and NYLL for unpaid wages and overtime pay.  *Id.* at *15, *18.  Moreover, "there is no dispute that [Plaintiffs] were . . . regularly paid at the hourly rate of $19.00 starting in February 2016."  *Id.* at *9.  Accordingly, the only remaining issue is the amount of Plaintiffs' damages.  Plaintiffs "need only present sufficient evidence to show the amount and extent of the uncompensated work as a matter of just and reasonable inference."  *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) (citation and internal quotation omitted).  Indeed, it is "well settled" that Plaintiffs may meet their burden "through estimates based on [their] own recollection."  *Id.* (citations omitted).

Each Plaintiff has submitted her paystubs and timesheets for the period between February 2016 and October 2017, along with a declaration to fill in any gaps and describe work from the end of October 2017 to the middle of November 2017 for which none of the Plaintiffs were paid at all.  (Declaration of Marjorie McFarlane ("McFarlane Decl."), Dkt. 66-5; McFarlane Paystubs, Dkt. 66-8; Declaration of Velma Palmer ("Palmer Decl."), Dkt. 66-6; Palmer Paystubs, Dkt. 66-9; Declaration of Claire Williams ("Williams Decl."), Dkt. 66-7; Williams Paystubs, Dkt. 66-10.)  Based on these paystubs, timesheets, and declarations, Plaintiffs claim unpaid wages and overtime pay totaling $29,983.42—broken down as follows: $2,354.08 for McFarlane; $18,522.66 for Palmer; and $9,106.68 for Williams.  (*See* McFarlane Decl., Dkt. 66-5, ¶ 49; Palmer Decl., Dkt. 66-6, ¶ 53; Williams Decl., Dkt. 66-7, ¶ 43.)

The Court agrees that Palmer and Williams are undisputedly entitled to $18,522.66 and $9,106.68, respectively, in unpaid wages and overtime pay.  With respect to McFarlane, however, the Court finds two minor calculation errors.  First, in the pay period from April 29, 2017, to May

12, 2017, McFarlane claims, "Defendants failed to pay me wages in the amount of $151.84 (difference of $1.46 per hour for 40 hours and $2.19 per hour for 8 hours)." (McFarlane Decl., Dkt. 66-5, ¶ 35; *see also* McFarlane Paystubs, Dkt. 66-8, at ECF 65.) But a "difference of $1.46 per hour for 40 hours and $2.19 per hour for 8 hours" equals only $75.92, not $151.84. Therefore, $75.92 must be subtracted from McFarlane's requested damages. Second, for the pay period from May 27, 2017, to June 9, 2017, McFarlane declares, "I worked a total of 48 hours (36 hours in the first week and 12 hours worked in the second week)." (McFarlane Decl., Dkt. 66-5, ¶ 37.) McFarlane further states, and her paystubs confirm, that she was paid at an hourly rate of $19.00 for all 48 hours. (*See id.*; McFarlane Paystubs, Dkt. 66-8, at ECF 68.) Yet, McFarlane claims that Defendants failed to pay her for 12 hours of overtime, or $114.00, even though, as her own declaration shows, she did not work more than 40 hours in either of the two weeks during that pay period. (McFarlane Decl., Dkt. 66-5, ¶ 37.) This amount of $114.00 must also be subtracted from McFarlane's claimed damages. Accordingly, McFarlane's damages are reduced from $2,354.08 to $2,164.16.

In short, Plaintiffs are entitled to a total of $29,793.50 in unpaid wages and overtime pay: $2,164.16 for McFarlane; $18,522.66 for Palmer; and $9,106.68 for Williams.

### B.      Liquidated Damages

Although Plaintiffs may not recover liquidated damages under both the FLSA and NYLL, they may recover such damages under the statute that provides the greater relief. *See McFarlane*, 2020 WL 1643781, at \*13; *see also Rana v. Islam*, 887 F.3d 118, 122–23 (2d Cir. 2018) (per curiam). In this case, the FLSA and NYLL provide identical relief, because both allow for liquidated damages equal to 100% of Plaintiffs' unpaid wages and overtime pay during the relevant time period. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a); *see also Rana*, 887 F.3d at 122–23. Plaintiffs elect to pursue liquidated damages under the FLSA. (Pls.' Mem., Dkt. 66-1, at ECF

9.)  Accordingly, Plaintiffs are entitled to liquidated damages in a total amount of $29,793.50:
$2,164.16 for McFarlane; $18,522.66 for Palmer; and $9,106.68 for Williams.

### C.    Interest

"It is well settled that in an action for violations of the Fair Labor Standards Act
prejudgment interest may not be awarded in addition to liquidated damages."  *Gortat v. Capala
Bros.*, 949 F. Supp. 2d 374, 382 (E.D.N.Y. 2013) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d
1054, 1062 (2d Cir. 1988)).  Conversely, the Second Circuit has held that both prejudgment interest
and liquidated damages may be awarded under the NYLL, because prejudgment interest and
liquidated damages under the NYLL "are not functional equivalents" and "serve fundamentally
different purposes."  *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).

Since the Second Circuit's decision in *Reilly* in 1999, however, the New York State
Legislature has twice amended the liquidated damages provision of the NYLL "to bring it more
closely in line with the FLSA."  *Rana*, 887 F.3d at 122.  Currently, "[w]hile the wording of the
FLSA and NYLL liquidated damages provisions are not identical, there are no meaningful
differences, and both are designed 'to deter wage-and-hour violations in a manner calculated to
compensate the party harmed.'"  *Id.* at 123 (quoting *Chuchuca v. Creative Customs Cabinets, Inc.*,
No. 13-CV-2506 (RLM), 2014 WL 6674583, at *16 (E.D.N.Y. Nov. 25, 2014)).  Thus, courts in
this circuit have concluded that "where a plaintiff has already received an award of FLSA
liquidated damages, the plaintiff has been compensated for the delay in receiving wages that should
have been paid," and the plaintiff "is therefore entitled to an award of prejudgment interest only
on [damages under the NYLL that do not overlap with those under the FLSA] for which liquidated
damages pursuant to the FLSA were not assessed."  *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d
76, 92 (E.D.N.Y. 2012) (quoting *Angamarca v. Pita Grill 7 Inc.*, No. 11-CV-7777 (JGK) (JLC),
2012 WL 3578781, at *9 (S.D.N.Y. Aug. 2, 2012)); *accord Bedasie v. Mr. Z Towing, Inc.*, No. 13-

CV-5453 (CLP), 2017 WL 6816331, at *5 (E.D.N.Y. Dec. 21, 2017); *see also Hengjin Sun v. China 1221, Inc.*, No. 12-CV-7135 (RJS), 2016 WL 1587242, at *5–6 (S.D.N.Y. Apr. 19, 2016) (questioning "the vitality of the Second Circuit's holding in *Reilly* in light of the New York legislature's 2009 and 2011 reforms," but granting plaintiffs prejudgment interest "on their non-overlapping NYLL minimum wage, overtime, and spread-of-hours claims").

Here, Plaintiffs do not have any non-overlapping NYLL claims for which they are entitled to damages, and in any event, they have elected to pursue liquidated damages under the FLSA. (Pls.' Mem., Dkt. 66-1, at ECF 9.)   Accordingly, Plaintiffs are not entitled to any prejudgment interest.  *See Gortat*, 949 F. Supp. 2d at 382.

### D.      Attorney's Fees and Expenses

Plaintiffs request attorney's fees and expenses.  (Pls.' Damages Mot., Dkt. 66, at ECF 1.) Both the FLSA and NYLL "allow for an award of 'reasonable' attorney's fees."  *Santillan v. Henao*, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1)); *accord Gunawan*, 897 F. Supp. 2d at 93.  Plaintiffs, however, have neither specified the amount of their fees and expenses nor provided any evidence that their request is "reasonable." Therefore, the Court defers awarding attorney's fees and expenses until Plaintiffs submit proof of their fees and expenses.

### CONCLUSION

Plaintiffs' supplemental motion for summary judgment as to damages is granted, and Plaintiffs are awarded judgment in a total amount of $59,587.  This total amount represents $2,164.16 in unpaid wages and overtime pay plus $2,164.16 in liquidated damages for Plaintiff McFarlane; $18,522.66 in unpaid wages and overtime pay plus $18,522.66 in liquidated damages for Plaintiff Palmer; and $9,106.68 in unpaid wages and overtime pay plus $9,106.68 in liquidated damages for Plaintiff Williams.  Defendants are jointly and severally liable for these damages.

Within thirty (30) days of this Order, Plaintiffs may file a motion for an award of reasonable attorney's fees and expenses, along with proof of such fees and expenses.  Defendants shall have thirty (30) days to respond to any such motion.

SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated:  December 7, 2020
Brooklyn, New York