UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARJORIE MCFARLANE, VELMA
PALMER, and CLAIRE WILLIAMS,

                            Plaintiffs,                    **MEMORANDUM & ORDER**
                                                              17-CV-6350 (PKC) (PK)

           - against -

HARRY'S NURSES REGISTRY, HARRY'S
HOMECARE, INC., and HARRY
DORVILIER,

                            Defendants.
------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Plaintiffs Marjorie McFarlane, Velma Palmer, and Claire Williams brought this action against Defendants Harry's Nurses Registry and Harry's HomeCare, Inc. (collectively, the "Corporate Defendants") and Harry Dorvilier for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On April 2, 2020, the Court determined that Defendants were liable to Plaintiffs for unpaid wages, overtime pay, and liquidated damages under the FLSA and NYLL. *McFarlane v. Harry's Nurses Registry* (*McFarlane I*), 2020 WL 1643781, at *18 (E.D.N.Y. Apr. 2, 2020). On December 7, 2020, the Court determined that Plaintiffs were entitled to damages in a total amount of $59,587. *McFarlane v. Harry's Nurses Registry* (*McFarlane II*), 2020 WL 7186791, at *4 (E.D.N.Y. Dec. 7, 2020). Now before the Court is Plaintiffs' unopposed motion for attorneys' fees of $60,625 and costs of $460.50. (*See* Declaration of Nina A. Ovrutsky in Support of Motion for Attorneys' Fees and Costs ("Ovrutsky Decl."), Dkt.

1

74-1, ¶¶ 36–38.)[1]  As discussed below, the Court partially grants Plaintiffs' motion, and awards fees of $35,793.75 and costs of $460.50.

## BACKGROUND

The facts of this case are discussed in detail in the Court's prior orders and need not be recounted fully here.  *See McFarlane I*, 2020 WL 1643781, at *1–4; *McFarlane II*, 2020 WL 7186791, at *1–2.  In short, Plaintiffs are Licensed Practical Nurses ("LPNs") who were employed by Harry's Nurses Registry ("Harry's Nurses"), which also does business as Harry's HomeCare, Inc.  *McFarlane I*, 2020 WL 1643781, at *1; *McFarlane II*, 2020 WL 7186791, at *1.  Defendant Dorvilier is the sole owner of Harry's Nurses.  *McFarlane I*, 2020 WL 1643781, at *1; *McFarlane II*, 2020 WL 7186791, at *1.  Between February 2016 and mid-November 2017, Defendants failed to pay Plaintiffs certain wages and proper overtime compensation.  *See McFarlane I*, 2020 WL 1643781, at *2–3, *8–11; *McFarlane II*, 2020 WL 7186791, at *1.

On November 1, 2017, Plaintiffs commenced this action by filing a complaint against Defendants.  (Complaint, Dkt. 1.)  Defendants were initially represented by counsel, but defense counsel was allowed to withdraw in April 2018 after "a breakdown in communication and understanding" between counsel and Defendant Dorvilier.  (*See* Affidavit of Michael K. Chong, Esq., Dkt. 16-1, ¶ 2; 4/6/2018 Minute Entry.)  Thereafter, Dorvilier continued to proceed *pro se*, while the Corporate Defendants failed to retain new counsel despite multiple court warnings that they could not proceed without counsel.  (*See* 4/6/2018 Minute Entry; 6/19/2018 Minute Entry; 8/8/2018 Minute Entry; 11/2/2018 Minute Entry.)

---

[1] Plaintiffs' Notice of Motion (Dkt. 74) requests attorneys' fees of "$62,650.00," but this appears to be a typographical error in light of Plaintiffs' supporting documents.  (*See* Ovrutsky Decl., Dkt. 74-1, ¶¶ 28–36; *see also* Plaintiffs' Memorandum of Law in Support of Motion for Attorneys' Fees and Costs, Dkt. 74-2, at 6.)

2

On June 19, 2018, the Court decided that the case must proceed to discovery and ordered the parties to exchange initial discovery requests by July 19, 2018, respond to discovery requests by August 20, 2018, and complete discovery by October 19, 2018. (6/19/2018 Minute Entry.) Defendant Dorvilier, however, was uncooperative in the discovery process and refused to comply with Plaintiffs' discovery requests, requiring Plaintiffs' counsel to seek court intervention on multiple occasions. To start, the Court extended the discovery deadlines on August 8, 2018, after Defendant Dorvilier failed to serve initial discovery requests. (*See* 8/8/2018 Minute Entry.) Then, on November 2, 2018, the Court held a motion hearing on whether to sanction Defendant Dorvilier based on his continued failure to participate in discovery and his refusal at the last minute to proceed with his scheduled October 11, 2018 deposition. (*See* 11/2/2018 Minute Entry; Dkts. 27–28.) At the hearing, the Court directed the parties to schedule depositions for the first week of December and certify the close of discovery by December 21, 2018. (11/2/2018 Minute Entry.) Yet, Defendant Dorvilier continued to fail to comply with discovery requests, and on December 11, 2018, the Court issued an order reminding Dorvilier "of his obligation to comply with the Court's order to respond to Plaintiffs' discovery requests." (*See* Dkt. 31; 12/11/2018 Docket Order.) On December 27, 2018, the Court ordered the parties to show cause for their failure to certify the close of discovery by the December 21 deadline. (12/27/2018 Docket Order.) Plaintiffs filed a response on January 8, 2019. (Dkt. 35.) On January 18, 2019, the Court held a hearing and granted Defendant Dorvilier "one last chance to comply fully with his discovery obligations" by February 1, 2019. (1/18/2019 Minute Entry.) After Defendant Dorvilier failed to do so, the Court allowed Plaintiffs to file a motion for sanctions (*see* Dkt. 38; 2/6/2019 Docket Order), briefing of which finished on April 15, 2019 (*see* Dkts. 39–45; *see also* 2/27/2019 Docket Order; 3/22/2019 Docket Order).

On May 9, 2019, Plaintiffs requested a Certificate of Default as to the Corporate Defendants, which had failed to appear with new counsel. (Dkt. 46.) After the Clerk of Court entered a Certificate of Default, Plaintiffs moved for default judgment, which the Corporate Defendants did not oppose. (*See* Dkts. 47–49.) By Order dated May 16, 2019, the Court deferred ruling on the motion for default judgment until the case against Defendant Dorvilier was resolved. Plaintiffs then moved for summary judgment as to Dorvilier. (*See* Dkts. 52, 58.) Briefing on the summary judgment motion finished on September 25, 2019. (*See* Dkts. 58–60.)

On April 2, 2020, the Court partially granted Plaintiffs' motions for default judgment and for summary judgment. *McFarlane I*, 2020 WL 1643781, at *18. In particular, the Court granted Plaintiffs' summary judgment motion as to Defendant Dorvilier's liability under the FLSA and NYLL for unpaid wages, overtime pay, and liquidated damages. *Id.* The Court also granted Plaintiffs' motion for default judgment against the Corporate Defendants with respect to liability for unpaid wages, overtime pay, and liquidated damages under the FLSA and NYLL. *Id.* The Court denied summary judgment on the issue of damages as to Defendant Dorvilier, and deferred awarding damages as to the Corporate Defendants, because Plaintiffs had based their damages claim on a regular hourly pay rate of $25, and the Court found that there was a genuine factual dispute regarding whether Plaintiffs were entitled to be paid at such a rate. *Id.* at *12, *18. Nevertheless, finding "no dispute that [Plaintiffs] were, in fact, regularly paid at the hourly rate of $19.00 starting in February 2016," *id.* at *9, the Court "encourage[d] Plaintiffs to consider pursuing, via a supplemental summary judgment motion, damages using a regular rate of pay of $19.00/hour and overtime rate of $28.50/hour, rather than proceeding to trial on damages," *id.* at *19.

Plaintiffs subsequently did so. (Dkt. 66.) Defendant Dorvilier did not respond to Plaintiffs' motion (*see* 8/26/2020 Docket Order), despite a *sua sponte* extension of time in which to do so (*see* 7/8/2020 Docket Order).

On December 7, 2020, the Court granted Plaintiffs' supplemental motion for summary judgment and awarded them damages totaling $59,587—representing $2,164.16 in unpaid wages and overtime pay plus $2,164.16 in liquidated damages for Plaintiff McFarlane; $18,522.66 in unpaid wages and overtime pay plus $18,522.66 in liquidated damages for Plaintiff Palmer; and $9,106.68 in unpaid wages and overtime pay plus $9,106.68 in liquidated damages for Plaintiff Williams.[2] *McFarlane II*, 2020 WL 7186791, at *4. Because Plaintiffs had not provided evidence of their attorneys' fees and costs, the Court deferred awarding such fees and costs, and set a deadline for Plaintiffs to submit proof of their fees and costs. *Id.* Subsequently, Plaintiffs stipulated to voluntary dismissal of all outstanding claims against Defendants (Dkt. 71), and judgment was entered on January 8, 2021 (*see* 1/7/2021 Docket Order; Dkt. 72).

Plaintiffs now move for an award of attorneys' fees and costs. (Notice of Motion, Dkt. 74.) Along with their motion, Plaintiffs have submitted their attorneys' timesheets and proof of costs. (*See* Dkts. 74-3, 74-4, and 74-5.) Defendants have not opposed the motion, even though the Court *sua sponte* granted Defendants an extension of time in which to do so. (*See* 3/12/2021 Docket Order.)

Plaintiffs seek fees of $60,625 for 148 total hours of work by their attorneys. (*See* Ovrutsky Decl., Dkt. 74-1, ¶¶ 28–36, 38; *see also* Plaintiffs' Memorandum of Law in Support of Motion for Attorneys' Fees and Costs ("Pls.' Mem."), Dkt. 74-2, at 6.) In the alternative, Plaintiffs request

---

[2] The Court found Defendants jointly and severally liable for these damages. *McFarlane II*, 2020 WL 7186791, at *4.

fees of $19,862.33, which represents 33.3% of the total damages awarded to them. (Pls.' Mem., Dkt. 74-2, at 6.) Plaintiffs request $460.50 for costs related to Defendant Dorvilier's deposition. (*See* Ovrutsky Decl., Dkt. 74-1, ¶ 37; Proof of Costs, Dkt. 74-5.)

## DISCUSSION

**I.     Attorneys' Fees**

Both the FLSA and NYLL "allow for an award of 'reasonable' attorney's fees." *Santillan v. Henao*, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1)). "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 94 (E.D.N.Y. 2012) (internal quotation marks and citations omitted). The party seeking an award of fees has the obligation to submit contemporaneous time records that specify, for each attorney, the nature of the work done, the hours expended, and the dates. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983).[3]

---

[3] As an alternative to the lodestar, Plaintiffs request a fixed percentage of the total damages as a reasonable fee. (*See* Pls.' Mem., Dkt. 74-2, at 6.) In common fund cases, "where an attorney succeeds in creating a common fund from which members of a class are compensated for a common injury inflicted on the class," district courts may use a percentage of the recovery amount, instead of the lodestar, to calculate a reasonable fee. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47, 50 (2d Cir. 2000); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) ("[I]t remains the law in this Circuit that courts 'may award attorneys' fees in common fund cases under either the "lodestar" method or the "percentage of the fund" method.'" (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005))). This case, however, is not a common fund case. In any event, the Court does not find that using the

6

Plaintiffs have submitted timesheets detailing the time that their attorneys, Nina Ovrutsky and Michael Hilferty, spent on this matter. (Ovrutsky Timesheet, Dkt. 74-3; Hilferty Timesheet, Dkt. 74-4.) Below is a breakdown of the hourly rates and number of hours spent by person, based on the timesheets and Attorney Ovrutsky's declaration. (*See* Ovrutsky Timesheet, Dkt. 74-3; Hilferty Timesheet, Dkt. 74-4; *see also* Ovrutsky Decl., Dkt. 74-1, ¶¶ 28–36.)

| Person | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Nina A. Ovrutsky | Senior Associate | $400 | 133.75 | $53,500 |
| Michael P. Hilferty | Managing Partner | $500 | 14.25 | $7,125 |
| | | **Total** | **148.00** | **$60,625** |

The Court finds the number of hours spent by Plaintiffs' counsel on this case to be reasonable, but counsel's hourly rates exceed what is typically awarded under these circumstances and must be reduced.

### A. Reasonable Number of Hours

In reviewing a fee application, "the district court should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–35, 440 (1983)). The relevant inquiry "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted). To inform this inquiry, the district court "may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985)). "[T]he district court is

---

percentage method is warranted or appropriate here—particularly in light of the circumstances of this case, as recounted above.

7

not obligated to undertake a line-by-line review" of a fee application, and "may, instead, 'exercise its discretion and use a percentage deduction as a practical means of trimming fat.'" *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).

Here, the Court finds 148 hours—which represents 133.75 hours by Ovrutsky and 14.25 hours by Hilferty—to be a reasonable amount of time to have spent on the case. Although the claims and issues in this case were not particularly novel or complex, Plaintiffs faced an unusually recalcitrant defendant, whose conduct prolonged discovery, necessitated additional time and effort to schedule depositions and obtain discovery materials, and prompted several additional court filings and hearings. *See supra*. Additionally, there was relatively extensive post-discovery motion practice, including a motion for default judgment (Dkt. 48), two motions for summary judgment (Dkts. 58, 66), and the instant motion for fees and costs. As the timesheets indicate, from the start of the case through the close of discovery on March 22, 2019, Ovrutsky spent 54.25 hours on the case and Hilferty spent 11.75 hours—hardly inordinate in light of Defendant Dorvilier's obstructive conduct during discovery. (*See* Ovrutsky Timesheet, Dkt. 74-3, at ECF[4] 12–21; Hilferty Timesheet, Dkt. 74-4, at ECF 2–4.) Between the close of discovery and service of the instant motion on February 4, 2021, Ovrutsky spent 79.5 hours working on the case and Hilferty spent 2.5 hours—reasonable given four rounds of motion briefing. (*See* Ovrutsky Timesheet, Dkt. 74-3, at ECF 2–12; Hilferty Timesheet, Dkt. 74-4, at ECF 2.) In light of the protracted discovery and extent of post-discovery motion practice in this case, the Court finds that these hours are reasonable.

---

[4] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

B.     **Reasonable Hourly Rate**

"A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'"  *Santillan*, 822 F. Supp. 2d at 299 (alteration in original) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). In general, a reasonable hourly rate "should be based on 'rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Cruz v. Local Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994)).  "The 'community' is generally considered the district where the district court sits." *Id.* (citing *Arbor Hill*, 522 F.3d at 190); *see also Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) ("[C]ourts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." (internal quotation marks and citations omitted)).

As this is a FLSA case, "the reasonable rate should reflect the rates awarded in FLSA cases in this district, not cases involving other fee-shifting statutes." *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *10 (E.D.N.Y. Mar. 9, 2021) (quoting *Martinez v. New 168 Supermarket LLC*, No. 19-CV-4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020)). "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." *Id.* (collecting cases); *accord Lopez v. 1923 Sneaker, Inc.*, No. 18-CV-3828 (WFK) (RER), 2021 WL 1845057, at *9 (E.D.N.Y. Mar. 5, 2021), *report and recommendation adopted*, 2021 WL 1259623 (E.D.N.Y. Apr. 6, 2021); *Rodriguez v. Yayo Rest. Corp.*, No. 18-CV-4310 (FB) (PK), 2019 WL 4482032, at *8 (E.D.N.Y. Aug. 23, 2019), *report and recommendation adopted*, 2019 WL 4468054 (E.D.N.Y. Sept. 18, 2019).

The hourly rates of Plaintiffs' counsel exceed those that courts in this District have recently awarded in FLSA cases. Hilferty, a managing partner at White, Hilferty & Albanese, P.C., requests an hourly rate of $500. (Ovrutsky Decl., Dkt. 74-1, ¶¶ 4, 32.) This is above the range of rates that courts in this District have typically awarded partners in recent FLSA cases. *See, e.g.*, *Nam*, 2021 WL 878743, at *10; *Lopez*, 2021 WL 1845057, at *9. Moreover, rates at the high end of the range are generally reserved for partners with a significant amount of experience—usually 20 years or more. *See Nam*, 2021 WL 878743, at *10; *see also Lopez*, 2021 WL 1845057, at *10 (reducing hourly rate of a partner who had practiced for 18 years, with a primary focus on labor and employment law, from $500 to $375). Although Hilferty is a managing partner, he has been practicing law for only 11 years, and has focused on employment law since only 2017. (Ovrutsky Decl., Dkt. 74-1, ¶ 4.) The Court acknowledges that Hilferty and his firm litigated this case "on a wholly contingent basis" and "without any assurance of payment."[5] (*Id.* ¶ 10.) Given Defendant Dorvilier's past conduct in this case, there also remains no assurance that Plaintiffs' counsel will be compensated. Nonetheless, an hourly rate of $500 for Hilferty is excessive. In light of Hilferty's level of experience, the risk that Hilferty assumed in accepting this case on a contingency basis, and the continued risk of non-payment given the circumstances of this case, the Court awards Hilferty a reasonable hourly rate of $400. *Cf. Lopez*, 2021 WL 1845057, at *10 (awarding an hourly rate of $325 to a junior partner who had practiced law for 10 years); *Martinez*, 2020 WL 5260579, at *8 (awarding an hourly rate of $400 to a partner who had practiced law since 1997 and "personally handled over 500 wage and hour cases").

---

[5] The Court also commends Hilferty for taking the time to mentor more junior attorneys. (*See* Ovrutsky Decl., Dkt. 74-1, ¶ 4.)

Ovrutsky's requested hourly rate of $400 is also excessive. (*See* Ovrutsky Decl., Dkt. 74-1, ¶¶ 31, 34.) Though Ovrutsky is currently a senior associate at White, Hilferty & Albanese, P.C. (*id.* ¶ 1), she was admitted as an attorney to the New York State Bar only four years ago—in April 2017, shortly before Plaintiffs filed their complaint in this case (*see id.* ¶ 5; *see also* Complaint, Dkt. 1). Ovrutsky states that she has "represented numerous plaintiffs and defendants" in wage and hour cases since becoming an attorney in New York, and she specifically lists five cases (not including this one) that she has litigated with Hilferty. (Ovrutsky Decl., Dkt. 74-1, ¶¶ 5–6.) The Court notes that in this case Ovrutsky principally handled the post-discovery motions and was the only attorney billing after May 2020. (*See generally* Ovrutsky Timesheet, Dkt. 74-3; Hilferty Timesheet, Dkt. 74-4.)

Yet, even though Ovrutsky principally handled the post-discovery motions, none involved particularly novel or complex issues, and all of the motions except one of the summary judgment motions were unopposed. *See supra*. Moreover, the fact that Ovrutsky's "current hourly rate ranges from $400.00 - $450.00 an hour" (*id.* ¶ 31) is not determinative. "In cases involving *pro bono* representation, courts look to the amounts usually charged by attorneys handling similar matters, as opposed to rates that firms are accustomed to handling for large, fee-paying clients." *Cortes v. Juquila Mexican Cuisine Corp.*, No. 17-CV-3942 (RER), 2021 WL 1193144, at *4 (E.D.N.Y. Mar. 29, 2021) (internal quotation marks and alteration omitted) (quoting *Cleanup N. Brooklyn v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 403 (E.D.N.Y. 2019)). Attorneys handling FLSA cases with Ovrutsky's level of experience are not typically awarded as much as $400 per hour in this District. *See, e.g.*, *Hernandez v. Delta Deli Mkt., Inc.*, No. 18-CV-375 (ARR) (RER), 2019 WL 643735, at *9–10, 2019 U.S. Dist. LEXIS 23756, at *23–25 (E.D.N.Y. Feb. 12, 2019) (awarding, in a "relatively straightforward" FLSA case, an hourly rate of $150 to associates

who graduated law school in 2012), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 35304 (E.D.N.Y. Mar. 4, 2019); *Sajvin v. Singh Farm Corp.*, No. 17-CV-4032 (AMD) (RER), 2018 WL 4214335, at *9 (E.D.N.Y. Aug. 13, 2018) (awarding an hourly rate of $250 to an associate who graduated law school in 2013 and had been "actively involved in over 50 wage and hour cases"), *report and recommendation adopted*, 2018 WL 4211300 (E.D.N.Y. Sept. 4, 2018); *Armata v. Unique Cleaning Servs., LLC*, No. 13-CV-3625 (DLI) (RER), 2015 U.S. Dist. LEXIS 180995, at *26–28 (E.D.N.Y. Sept. 14, 2015) (awarding hourly rates of $250 to a senior associate with six years of experience and $175 to a junior associate who had four years of experience), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 118693 (E.D.N.Y. Aug. 30, 2016). Given Ovrutsky's level of experience and the circumstances of this case, including the risk of litigating this case on a contingency basis, the Court finds that awarding Ovrutsky an hourly rate of $225 is reasonable.

In sum, it was reasonable in this case for Hilferty to have spent 14.25 hours at an hourly rate of $400, and for Ovrutsky to have spent 133.75 hours at an hourly rate of $225. Plaintiffs' attorneys are accordingly awarded a reasonable fee of $35,793.75.

**II. Costs**

Both the FLSA and NYLL "allow prevailing employees to collect reasonable litigation costs." *Cortes*, 2021 WL 1193144, at *6 (citing 29 U.S.C. § 216(b); N.Y. Labor Law § 198(4)). "This includes '[t]he costs of depositions . . . where they appear to have been reasonably necessary to the litigation at the time they were taken.'" *Id.* (quoting *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 490 F. Supp. 3d 593, 638 (E.D.N.Y. 2020)); *see also Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 212 (E.D.N.Y. 2007) (reimbursing expenditures for deposition services and transcripts as nontaxable costs in a FLSA action). "Plaintiffs must submit receipts, invoices, or other evidence to support the costs requested." *Cortes*, 2021 WL 1193144, at *6 (citations

omitted); *see also Singh v. A & A Mkt. Plaza, Inc.*, No. 15-CV-7396 (AKT), 2019 WL 4861882, at *11 (E.D.N.Y. Sept. 30, 2019) ("[I]t is incumbent upon the party seeking reimbursement of its costs to provide the court adequate substantiation in the form of receipts and other documents showing such costs were incurred." (citations omitted)).

Here, Plaintiffs request $460.50 in costs associated with Defendant Dorvilier's deposition, and they have submitted receipts documenting those costs. (*See* Proof of Costs, Dkt. 74-5.) In particular, the receipts show costs of $179.25 associated with Defendant Dorvilier's originally scheduled—but aborted—deposition on October 11, 2018, and costs of $281.25 associated with Dorvilier's re-scheduled deposition on December 6, 2018. (*See id.* at ECF 2–3.) Considering that Dorvilier's original deposition did not proceed because of his own intransigence (*see* Dkt. 27; *see also* Ovrutsky Decl., Dkt. 74-1, ¶ 20), the Court finds that Plaintiffs' documented costs are reasonable. Plaintiffs are accordingly awarded reasonable costs of $460.50.

## CONCLUSION

Plaintiffs' motion for attorneys' fees and costs is granted in part and denied in part, and Plaintiffs are awarded $35,793.75 in reasonable attorneys' fees and $460.50 in reasonable costs.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 28, 2021
      Brooklyn, New York